406　　　　　　　January 8, 2025　　　　　No. 34

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of F. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*
S. V.,
*Appellant.*

Multnomah County Circuit Court
24JU00981;
Petition Number
115000;
A184892 (Control)

In the Matter of B. B., III,
Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*
S. V.,
*Appellant.*

Multnomah County Circuit Court
24JU00982;
Petition Number
115000;
A184893

In the Matter of H. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*
S. V.,
*Appellant.*

Multnomah County Circuit Court
24JU00983;
Petition Number
115000;
A184894

Michael S. Loy, Senior Judge.

Submitted December 13, 2024.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Nakamoto, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this juvenile dependency case, mother challenges the juvenile court's taking jurisdiction over three children, F, B, and H, pursuant to ORS 419B.100(1)(c). Before taking jurisdiction over the children, the court determined that the following allegations were true: mother is aware of the threat of harm posed by her domestic partner to the children and is unable or unwilling to protect them; father has exposed the children to domestic violence against mother, father has physically abused the children and caused them emotional distress; father has mental health issues which impair his judgment and ability to safely parent; and F and B are fearful of returning to father's care.

Mother raises one assignment of error, contending that "[t]he court erred in finding the children's accounts to be credible and taking jurisdiction." Because, after review of the record, we determine that "the juvenile court's explicit findings of historical fact" are supported by evidence in the record, that any "disputed issue[s] of material fact" that were "implicitly resolved" by the court are supported by evidence in the record, and that, overall, the record contains evidence "legally sufficient to permit the trial court to determine that ORS 419B.100(1)(c) was satisfied," *Dept. of Human Services v. N. P.*, 257 Or App 633, 639-40, 307 P3d 444 (2013), we affirm.

We begin by addressing mother's request for *de novo* review, which she suggests is appropriate, because, in her view, there are "material inconsistencies in the children's accounts." ORS 19.415(3)(b) provides the Court of Appeals with "sole discretion" regarding whether to undertake *de novo* review of appeals such as this one. As the state notes, there is a presumption against *de novo* review and it is limited only to "exceptional cases." ORAP 5.40(8)(c). "We ordinarily defer to the juvenile court's credibility findings when those findings are based on the court's direct observation of the witnesses. That is because, as an appellate court, we do not have the same opportunity to observe witnesses firsthand and, for that reason, do not have the same institutional capacity to make demeanor-based judgments." *Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750 n 1,

432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019) (internal citation omitted).

We see no factors that make this case an exceptional one warranting *de novo* review, and thus apply the standard of review from *N. P.*, 257 Or App at 639-40.

Applying that standard of review, there is legally sufficient evidence to support the juvenile court taking jurisdiction over the children, *viz.*, testimony from F and B—which was materially consistent with other evidence—outlined a long history of father engaging in physical violence against mother in front of the children, emotional distress and fear experienced by F and B as a result of behavior from mother and father, and that mother did not intervene to protect the children from the threat of harm posed by father. Indeed, mother acknowledges that, "in the absence of *de novo* review, there is at least *some* evidence to support the trial court's findings and its ultimate decision to take jurisdiction."

Further, F and B both described specific incidents of violence: They testified that father had restricted movement of the children and mother in the home, threatened to kill members of the family, engaged in punching or kicking, and used weapons both to threaten and to strike members of the family. The record also includes other evidence to support the trial court's factual findings and ultimate disposition of the case, such as school attendance records and notes from F's therapist.

Thus, we conclude that the court did not err in taking jurisdiction of the children, and we affirm.

Affirmed.